

# The Attorney General of Texas

November 16, 1977

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4814 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Thomas S. Bishop
Major General, TexARNG
The Adjutant General
Austin, Texas

Dear General Bishop:

Opinion No. H-1092

Re: Validity of policy
requiring State employees
of Adjutant General's
Department to retire on
becoming eligible for two
annuities.

You inquire about the validity of the retirement policy applied to the State employees in your department. We note that your department supervises a large number of federal employees by virtue of 32 U.S.C.A. § 709, but your request does not concern them.

Your retirement policy is as follows:

> 10. Retirement. a. Retirement Policies. To establish an equitable retirement policy that will encourage employees to take advantage of their earned annuities and thereby enhance the upward mobility opportunities of other employees to earn retirement benefits, the following policy affecting retirement of State employees will be implemented by the Adjutant General's Department.
>
> (1). Those employees who have earned two or more annuities will be expected to retire at the end of the month the second earned annuity becomes effective, however each potential retiree will have the option to continue employment until 31 December of the year in which these annuities are earned (to include reduced Social Security at age 62). Such annuities will include any combination of the following:
>
> > Active Military Retirement (Army, Air Force, Navy, Marines, Coast Guard, Merchant Marine)

State Retirement

Civil Service Commission Retirement
or Postal or Railroad Retirement

Reserve Military Retirement

(2).   Retirement effective on 31
December of any calendar year will enable
an individual to defer lump sum payment
of accrued annual and sick leave to the
next calendar year for tax purposes.

Staff Memorandum 1-1 (PS) 1 September 1976.  Although the policy
states that employees are "expected" to retire, it is adminis-
tered as a mandatory retirement policy.  Employees are dropped
from the employment roles of the department by December 31 of
the year in which they are expected to retire.  Thus, employees
must retire when they become eligible to receive, for example,
reduced social security at age 62, and State retirement, avail-
able at age 60 to persons with ten years of service.  A more
common combination of annuities for State employees in your
office consists of reduced social security and reserve military
retirement, available at age 60 to persons with 20 years of
service.  10 U.S.C.A. § 1331.  You have provided us with statis-
tics about retirements pursuant to this policy for 1976 through
1978.  Of 20 past and prospective retirees, the policy allows
three to work until age 65.  One may work until 64, while the
rest must retire at 63 or earlier.

Article 5781, section 8, V.T.C.S., provides in part:

The Adjutant General shall prescribe
regulations not inconsistent with the law
for the government of his department. . . .

The Adjutant General's policies with respect to State employees
in his office must be consistent with State law.  See Attorney
General Opinion M-719 at 7 (1970).  Article 6252-14, V.T.C.S.,
provides as follows:

No agency, board, commission, department,
or institution of the government of the
State of Texas, . . . shall establish a max-
imum age under sixty-five (65) years nor a
minimum age over twenty-one (21) years for
employment, nor shall any person who is a
citizen of this State be denied employment
by any such agency, board, commission,
department or institution or any political

> subdivision of the State of Texas solely
> because of age; provided, [exceptions not
> here applicable] . . . .

Sec. 2.  We find no statute that excepts the Adjutant General's Department from the operation of article 6252-14, V.T.C.S.  Cf. Ed. Code § 13.903.  This office has construed article 6252-14 to prohibit the establishment of a compulsory retirement age under 65.  Attorney General Opinion C-178 (1963); see also Attorney General Opinion H-753 (1975).  Retirement benefits provided by statute generally become available at a particular age.  See, e.g., 10 U.S.C.A. § 1331; V.T.C.S. art. 6228a, § 5; art. 6228b, § 2; art. 6228g, § 7.  Your policy mandates retirement at the point when an employee becomes eligible for retirement benefits under certain statutes.  It thus indirectly links mandatory retirement to the achievement of a particular age.  Since the relevant annuities may be earned as early as 60 and are usually earned before 65, we believe your policy effectively establishes a range of mandatory retirement ages, most of which are under 65.  In our opinion, your policy is inconsistent with article 6252-14, V.T.C.S., and therefore invalid.

### S U M M A R Y

> The policy of the Adjutant General's
> Department that requires State employees
> to retire when they become eligible for
> two annuities, such as military reserve
> retirement benefits and reduced social
> security benefits, is inconsistent with
> article 6252-14, and thus invalid.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst